UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLASSIC JET CENTER LLC, ) | Case No. 1:24-cv-1797 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge Reuben J. Sheperd |
| ) | |
| ALEN STRMAC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Classic Jet Center LLC paid for the training and licensing of a pilot, Defendant Alan Strmac. When Classic Jet Center learned that Mr. Strmac sought employment before the end of his two-year oral contract, it filed suit against him in State court, alleging breach of contract and unjust enrichment. Defendant removed this action under 28 U.S.C. § 1331 on the basis of federal question jurisdiction, arguing that a federal statute governing pilot records preempts State law.

Plaintiff filed an opposition to the notice of removal, which the Court construed as a motion to remand. Then, Defendant answered and filed counterclaims, which assert claims under certain federal statutes. For the reasons that follow, the Court determines that it does not have jurisdiction, **REMANDS** this case to the Lake County Court of Common Pleas, and takes no action on Defendant's pending motion to dismiss.

## BACKGROUND

According to the allegations of the complaint, around May 2023, Classic Jet Center hired Alen Strmac. (ECF No. 1-1, ¶ 4, PageID #9.) Pursuant to an oral agreement, Mr. Strmac would receive training, and Classic Jet Center would cover the training costs and expenses for Mr. Strmac to obtain all necessary licensing. (*Id.*, ¶¶ 5 & 6, PageID #9–10.) In exchange, Mr. Strmac orally agreed to remain employed and provide services for Classic Jet Center for not less than two years. (*Id.*, ¶ 7, PageID #10.)

On February 18, 2024, Classic Jet Center received a request pursuant to the Pilot Records Improvement Act from Envoy Airlines. (*Id.*, ¶ 8.) The Act requires commercial air carriers to evaluate certain information before a pilot may begin working. (*Id.*, ¶ 9.) Accordingly, Classic Jet Center learned that Mr. Strmac was seeking other employment as a pilot. (*Id.*, ¶ 8.) On April 11, 2024, Mr. Strmac resigned from Classic Jet Center, effective two weeks later. (*Id.*, ¶ 10, PageID #10.) Classic Jet Center alleges that it incurred approximately $50,745.52 in training expenses for Mr. Strmac. (*Id.*, ¶ 11, PageID #10.)

## STATEMENT OF THE CASE

Based on these facts, Classic Jet Center filed this action in State court against Mr. Strmac. (ECF No. 1.) In its complaint, Plaintiff brings claims for breach of oral contract and unjust enrichment. (ECF No. 1-1, PageID #11.) Defendant removed this case to federal court on the basis of federal question jurisdiction, contending that the Pilot Records Improvement Act preempts State law. (ECF No. 1, PageID #2.)

2

Also, Defendant argues that this case generally relates to pilot licensing, air navigation and air safety, and travel in the National Airspace System. (*Id.*, PageID #2–3.) Accordingly, Defendant bases federal jurisdiction on field preemption, arguing that federal law comprehensively governs air travel. (ECF No. 7, PageID #63.) Following removal, Defendant moved to dismiss. (ECF No. 4.) He also asserted two counterclaims for: (1) violation of the Fair Debt Collection Practices Act; and (2) violations of the Federal Trade Commission Act. (ECF No. 6, PageID #50–52.)

Plaintiff filed an opposition to Defendant's notice of removal. (ECF No. 5.) The Court construed this filing as a motion to remand, to which Defendant responded. (ECF No. 7.)

## ANALYSIS

Federal courts have limited jurisdiction, possessing only that power the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996). As the party invoking federal jurisdiction, a defendant seeking to remove the case bears the burden of establishing that the Court would have had original jurisdiction if the plaintiff filed in federal court in the first instance. *See, e.g.*, *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Courts strictly construe the removal statute and resolve all doubts in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

3

To determine if federal jurisdiction exists, courts rely on the "well pleaded complaint rule." Whether a claim arises under federal law, turns on the well-pleaded allegations of the complaint and ignores potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908). Complete preemption and the artful-pleading doctrine serve as exceptions to the well-pleaded complaint rule. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Another exception might be available in certain circumstances where State-law causes of action contain significant federal issues. *Id.*; *see also Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756 (E.D. Ky. 2014).

**I.     Preemption**

The law makes an important distinction between ordinary and complete preemption. Ordinary preemption serves as an affirmative defense that "applies to statutory sections that arguably supersede conflicting state law without creating the right of removal." *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 323 (6th Cir. 2005) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398 (1987)). Conversely, a defendant may remove a case alleging only State-law claims where "a federal statute wholly displaces the state-law cause of action through complete preemption." *Weil v. Process Equip. Co. of Tipp City*, 879 F. Supp. 2d 745, 748 (S.D. Ohio 2012) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)); Alan A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722.2 (rev. 4th ed. 2024).

In rare circumstances, express preemption permits removal. *Matthews v. Centrus Energy Corp.*, 15 F.4th 714, 720 (6th Cir. 2021). Such statutes provide for original federal jurisdiction or expressly call for removal of an action filed in State

4

court to federal court. *See, e.g.*, 15 U.S.C. § 77p(c); 42 U.S.C. § 2210(n)(2). Express preemption in the context of removal, however, should not be confused with express preemption in the context of ordinary preemption which does not lend itself to federal jurisdiction or removal due to the well-pleaded complaint rule. *LLoyd v. Ford Motor Co. (In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.)*, 65 F.4th 851, 859 n.5 (6th Cir.), *cert. denied*, 144 S. Ct. 332 (2023); *Matthews*, 15 F.4th at 720–21.

### I.A. Express Preemption

Defendant argues that the Pilot Records Improvement Act expressly preempts Plaintiff's State-law claims of oral breach of contract and unjust enrichment. (ECF No. 1, PageID #2.) Congress enacted this statute so air carriers and operators could adequately perform background checks on pilots before hiring them. *Chau v. Air Cargo Carriers, LLC*, 425 F. Supp. 3d 658, 662 (S.D. W. Va. 2019). The Act contains a preemption provision displacing any State law "that prohibits, penalizes, or imposes liability" for providing or using records. It provides:

> No State or political subdivision thereof may enact, prescribe, issue, continue in effect, or enforce any law (including an regulation, standard or other provision having the force and effect of law) that prohibits, penalizes, or imposes liability for furnishing or using records in accordance with subsection (h) or (i).

49 U.S.C. § 44703(j)(2); *see also id.* § 44703(h) (identifying the records and information an air carrier can request and receive); *id.* § 44703(i) (setting out the duties of an air carrier to access and evaluate records).

This statute preempts certain State law claims, and a defendant may assert it as a defense to liability in certain cases. But it does not completely preempt State

5

law in the jurisdictional sense such that it provides an independent basis for removal or for original federal jurisdiction. The Act preempts State laws that prohibit or impose liability for producing or using records regarding employment and information within the database of the Federal Aviation Administration. According to the pleadings, this case involves such records. But Plaintiff seeks to recover for breach of an oral contract, not for a claimed violation of the federal statute. Nothing about Plaintiff's claim for breach of contract conflicts with this statute. Nor does this statute on its face expressly provide for removal jurisdiction. For these reasons, the Court determines that express preemption does not allow for removal of this case.

### I.B. Complete Preemption

A defendant's ability to prove that a plaintiff's claims are preempted as an affirmative defense does not provide a basis for removal of a case to federal court. *Caterpillar*, 482 U.S. at 398. Absent application of the well-pleaded complaint rule, removal requires complete preemption. "Complete preemption is jurisdictional and is 'reserved for statutes designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action[.]'" *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, 535 F. Supp. 3d 709 (M.D. Tenn. 2021) (quoting *Roddy*, 395 F.3d at 323). Complete preemption applies only where a federal statute contains the exclusive cause of action for the asserted claim and provides procedures and remedies regarding that cause of action. *Beneficial Nat'l Bank*, 539 U.S. at 8.

The Sixth Circuit recognizes that complete preemption provides a very limited exception to the well-pleaded complaint rule, which is "only applied when the federal statutory language demonstrates that Congress has manifested a clear intent that

6

claims not only be preempted under the federal law, but also that they be removable[.]" *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005). The Pilot Records Improvement Act does not meet the high bar for complete preemption. The statute gives no indication that the State-law claims it preempts should be removable to federal court. In only three circumstances has the Supreme Court recognized complete preemption: (1) the Labor Management Relations Act, 29 U.S.C. § 185; (2) the Employee Retirement Income Security Act, 29 U.S.C. § 1001; and (3) the National Bank Act, 12 U.S.C. §§ 85 & 86. *See Beneficial Nat'l Bank*, 539 U.S. at 6–11; *see also Matthews*, 15 F.4th at 721. The Pilot Records Improvement Act does not come close to providing the type of comprehensive statutory regime any of these acts does.

Defendant argues that, through field preemption, Plaintiff's claims are completely preempted. (ECF No. 7, PageID #65.) But field preemption is not complete preemption and presents a defense without providing federal jurisdiction. *See Lloyd*, 65 F.4th at 859; *Carter v. Central Reg'l W. Virginia Airport Auth.*, No. 2:15-cv-13155, 2016 WL 4005932, at 15–17 (S.D. W. Va. July 25, 2016). That is, the well-pleaded complaint rule sorts cases between State and federal court even where a defendant can show that a federal statute, not apparent on the face of the complaint, preempts the field.

Defendant continues, arguing that "training, certification, and employment conditions within the aviation sector are completely preempted by federal law." (ECF No. 7, PageID #65.) Defendant cites various federal regulations regarding training,

7

general operating, operating requirements, and pilot schools when arguing for complete preemption. (*Id.*) However many regulations Defendant throws against the wall in hopes of finding some hook for federal jurisdiction, none go to the crux of the parties' dispute, which arises from an employment relationship. Nowhere does Defendant cite a statute or even a regulation from the FAA providing an exclusive federal cause of action for employment actions like the one Plaintiff brings. Without question, FAA exercises extensive oversight of pilots and their training, and air travel more generally. That alone does not amount to complete preemption. Other courts that have considered the question have concluded as much as well. *See, e.g.*, *Carter*, 2016 WL 4005932, at 29; *In re Air Crash at Lexington, Ky., Aug. 27, 2007*, 486 F. Supp. 2d 640, 652–53 (E.D. Ky. 2007) (collecting cases).

### I.C. Substantial Federal Question

Finally, Defendant argues that the Court has jurisdiction under the substantial federal question doctrine. (ECF No. 1, PageID #2; ECF No. 7, PageID #66.) Even framing this case as a dispute over a contract arising under State law, Defendant maintains that the Court will still need to analyze FAA compliance and pilot certification standards, invoking federal law notwithstanding the well-pleaded complaint rule. (ECF No. 7, PageID #66.)

Under the substantial federal question doctrine, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 586 U.S. 251, 258 (2013). If any of these requirements is not met, then the doctrine does

8

not apply. *Bolton*, 535 F. Supp. 3d at 717. Courts narrowly apply this doctrine because it takes more than a "federal element to open the 'arising under' door." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Still, the federal issue must be apparent on the face of the complaint. *Dillon*, 992 F. Supp. 2d at 762.

Plaintiff's complaint briefly mentions the Pilot Records Improvement Act. According to the complaint, Plaintiff received a request pursuant to the Act from Envoy Airlines, alerting Classic Jet Center that Defendant was allegedly looking for a new job. (ECF No. 1-1, PageID #10.) In the complaint, Plaintiff explains that the Act "requires specified commercial air carriers to evaluate certain information concerning a pilot's training, experience, qualifications and safety background prior to allowing such pilot to begin training." (*Id.*) But nothing about this mention necessarily raises any disputed question of federal law. All the complaint does is to provide context for the significance of the request from Envoy Airlines. Nor, as Defendant contends, does the complaint place in issue 49 U.S.C. § 44703, which governs pilot licensure. While Mr. Strmac is a pilot, this case does not involve a dispute over his licensure, training, or records—just his employment and its term. The oral contract at issue involves run-of-the-mill contract law, not interpretation of this or any other federal statute or regulation. Even if resolution of the parties' dispute touches on the Pilot Records Improvement Act, any such issue in this case is insignificant and does not present a substantial federal question. For these reasons, the substantial federal question doctrine does not provide a basis for removal.

9

**II.     Counterclaims**

Because the Court may not exercise jurisdiction over Plaintiff's complaint, the question arises whether Defendant's counterclaims, which allege violations of two federal statutes, provide an independent basis for federal jurisdiction. For two reasons, the Court concludes they do not.

First, the counterclaims appear to be brought for the sole purpose of keeping this case in federal court. Defendant brings two counterclaims against Plaintiff for violations of federal law. (ECF No. 6, PageID #50–52.) He did so one day after the Court construed Plaintiff's objection to removal as a motion to remand. That timing speaks volumes. So too does Defendant's silence about his counterclaims in opposing remand. (ECF No. 7.) In it, he scarcely mentions his counterclaims as a basis for federal jurisdiction. He mentions them only one time, simply noting their existence. (*Id.*, PageID #62.)

Second, Defendant could not do much more than that. Taking the counterclaims on their merits, the well-pleaded complaint rule operates even in the face of a compulsory counterclaim. That is, federal jurisdiction cannot rest on a counterclaim that asserts a federal question. *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60 & n.10 (2009). "The well-pleaded complaint rule, properly understood, does not allow a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (cleaned up). "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."

10

*Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). Here, Plaintiff's complaint does not establish federal jurisdiction; therefore, Defendant's counterclaims raising federal questions do not provide an independent basis for jurisdiction.

## CONCLUSION

For all these reasons the Court determines that it lacks jurisdiction and **REMANDS** the case to the Lake County Court of Common Pleas.

**SO ORDERED.**

Dated: December 30, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio